# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 20 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

CYNFRANESIA JACKSON, SANDRA
ALLEN, ROSALYN AUSTIN, JOSEPH
HOWARD, CHENIKIA SMITH,

No.: 4:14 C V 0307-Sww

                    Plaintiffs,

v.

COMPLAINT

TOM KIMBRELL, in His Official
Capacity as Department of Education
Commissioner of the State of Arkansas;
JERRY GUESS, in His Official Capacity
as Superintendent of Pulaski County
Special School District; PULASKI
ASSOCATION OF SUPPORT STAFF,

This case assigned to District Judge Wright
and to Magistrate Judge _____

                    Defendants.

## INTRODUCTION

1.      By and through their attorney of record, Paul D. Love, the above-captioned

Plaintiffs now come and appear before this court to lodge this Complaint which seeks

the declaratory, injunctive, and monetary relief afforded under 42 U.S.C. § 1983 for

violations of the civil rights of the Plaintiffs.

2.      The Plaintiffs, namely, Cynfranesia Jackson, Sandra Allen, Rosalyn Austin,

Joseph Howard, and Chenikia Smith are public employees who file suit against their

former exclusive bargaining representative, Defendant Pulaski Association of Support

Staff ("PASS" or "Union"), and their public employer, Defendants Tom Kimbrell,

Arkansas Department of Education Commissioner, and Jerry Guess, Superintendent

of Pulaski County Special School District.

3.     Plaintiffs seek to redress and prevent further deprivation of their rights under the First and Fourteenth Amendments to the United States Constitution.

4.     Plaintiffs have attempted to resign from the Union, end their membership in it, and end all payments to it.

5.     Defendants, however, are violating the constitutional rights of each Plaintiff to resign from the Union. By so doing, Defendants are unlawfully forcing Plaintiffs to associate with and financially support the Union in violation of Plaintiffs' First Amendment rights.

6.     In this action, Plaintiffs seek to vindicate their right to not associate with the Union, terminate the future withdrawals from their paychecks for union membership, and to recoup the compulsory fees illegally extracted from them.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331 because it arises under the United States Constitution and 28 U.S.C. § 1343 and because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district, because Plaintiffs at all times relevant to this matter have resided and worked in this judicial district, and because Defendants do business, or operate within this judicial district.

## PARTIES

9.      Plaintiffs are individuals employed as bus drivers for Pulaski County Special School District. They are in a collective bargaining unit formerly represented by Defendant PASS. Plaintiffs are:

> a. Cynfranesia Jackson, residing at 16 Courtfield Drive, Mabelvale, AR 72103;
>
> b. Sandra Allen, residing at 6100 North Wilson Road, Little Rock, AR 72164;
>
> c. Rosalyn Austin, residing at 6B Bledsoe Circle, Little Rock, AR 72206;
>
> d. Joseph Howard, residing at 1003 Buck Run Cove, Mabelvale, AR 72103; and
>
> e. Chenikia Smith, residing at 4611 East 39th Street, Little Rock, AR 72206.

10.     Defendant Tom Kimbrell is Commissioner of the Arkansas Department of Education, and is sued in his official capacity. He maintains an office at 4 Capitol Mall, Little Rock, AR 72201.

11.     Defendant Jerry Guess is Superintendent of Pulaski County Special School District, and is sued in his official capacity. He maintains an office at 925 East Dixon Road, Little Rock, AR 72206.

12.     Defendant PASS is a labor union with a headquarters at 1500 West 4th Street, Little Rock, AR 72201. Defendant PASS is affiliated with the Arkansas Education Association ("AEA") and the National Education Association ("NEA").

## FACTS

### I. Pulaski County Special School District.

13.     On or around December 2010, Defendant PASS entered into a CBA with the Board of Directors of Pulaski County Special School District. The CBA was slated to run until the close of the 2015 school year.

14.     The CBA contained a "Maintenance of Membership" article that provides in the pertinent part:

> A. The District shall maintain open payroll account deductions for [PASS] Dues.
>
> 1. Any support staff employee who applies for membership shall sign and deliver to [PASS] a payroll deduction authorization form supplied by the Association.
>
> 2. A copy of this authorization shall be delivered to the payroll office.
>
> 3. Such authorization shall continue in effect from year to year unless a certified letter requesting termination of membership is submitted to [PASS] between July 1 and July 15 of the current calendar year.

A true and correct copy of this "Maintenance of Membership" article is attached hereto as Exhibit A.

15.     On or around March 30, 2011, the Arkansas Department of Education determined Pulaski County Special School District to be in fiscal distress.

16.     On or around June 20, 2011, Defendant Kimbrell, acting in his official capacity as the Commissioner of Education, removed the Pulaski County Special School District's Board of Directors and appointed the current acting Superintendent, Defendant Guess, to run the District.

4

17.     On or around April 2012, Defendant PASS and Defendants Kimbrell and

Guess attempted to renegotiate the CBA. The negotiations failed to produce an

agreement. As a result, Defendants Kimbrell and Guess used their state power to

withdraw recognition of Defendant PASS as Plaintiffs' exclusive bargaining

representative and unilaterally set the terms and conditions of employment for

Plaintiffs and other Pulaski County Special School District employees.

18.     Although Defendant PASS was no longer the recognized as the exclusive

bargaining representative of the Plaintiffs and their co-workers, and although the CBA

was no longer in effect, Pulaski County Special School District continued to deduct

union dues from Plaintiffs' paychecks and remit those payments to Defendant PASS.

**II. Plaintiffs' Attempts to Resign Membership.**

19.     Arkansas is a "Right-to-Work" state that prohibits unions and public

employers, such as PASS and the District here, from requiring that employees pay

union dues as a condition of their employment. *See* Ark. Const. amend 34; Ark. Stat.

§§ 11-3-301, *et seq.*

20.     Pursuant to these constitutional and statutory provisions and the protections

they afford Arkansas workers, Plaintiffs are not required to pay any dues or fees to

PASS if they resign their membership and are not members of the Union.

21.     Pursuant to these constitutional and statutory provisions and the protections

they afford Arkansas workers, Defendants, and each of them, violate the civil,

statutory, and constitutional rights of Plaintiffs by requiring them to pay dues or fees

to PASS after Plaintiffs resign their membership in the Union.

5

22.     On September 18, 2013, Plaintiff Howard sent a certified letter to Defendant PASS and Pulaski County Special School District's payroll department, ending his membership in the Union and demanding dues no longer be withheld from his paycheck. A true and correct copy of this letter is attached as Exhibit B.

23.     On September 23, 2013, Plaintiff Howard received, via hand-delivery, a response from an agent of Defendants Kimbrell and Guess, stating Howard was not allowed to resign from Defendant PASS except during a fifteen-day window period in July, and the resignation had to be perfected by certified mail. A true and correct copy of this response is attached as Exhibit C.

24.     On or around September 24, 2014, Plaintiff Howard received a response from Defendant PASS denying his resignation and stating he could only resign membership during a fifteen-day window period in July and the resignation had to be perfected by certified mail. A true and correct copy of this letter is attached as Exhibit D.

25.     On or around February 11, 2014, Plaintiffs Allen, Austin, Jackson, and Smith individually mailed certified letters to Defendant PASS and the Pulaski County Special School District's payroll department, ending their respective membership in the Union and demanding dues no longer be withheld from their respective paychecks. True and correct copies of these letters are attached as Exhibits E, F, G, and H.

26.     On or around February 26, 2014, Plaintiffs Allen, Austin, Jackson, and Smith individually received a response from an agent of Defendants Kimbrell and

6

Guess, stating the District would end their dues deductions only if they individually

signed a form that obligated them to indemnify Pulaski County Special School

District should the District be found legally liable for honoring their requests to end

union membership and dues deductions. True and correct copies of those letters are

attached as Exhibits I, J, K, and L. A true and correct copy of the indemnification

form included with the aforesaid letters is attached as Exhibit M.

27.     On or around February 27, 2014, Plaintiffs Allen, Austin, Jackson, and

Smith received separate responses from Defendant PASS denying their respective

resignations, stating an employee could only resign membership during a fifteen-day

window period in July and the resignation had to be perfected by certified mail. True

and correct copies of these letters are attached as Exhibits N, O, P, and Q.

28.     The refusal of Defendants to recognize Plaintiffs' resignations from union

membership and Defendant PASS' acceptance of union dues collected and remitted

by Defendants Kimbrell and Guess violates Plaintiffs' rights granted by the First and

Fourteenth Amendments to the United States Constitution and in violation of 42

U.S.C. § 1983.

29.     As nonmembers, or forced members, Plaintiffs object to the compelled

financial subsidization of the activities of Defendant PASS for any purpose,

particularly given the Union is no longer their exclusive bargaining representative for

dealing with their employer.

## CLAIMS FOR RELIEF

30.     Plaintiffs reallege and incorporate by reference the paragraphs set forth

7

above.

## COUNT I
### ("Maintenance of Membership" is in violation of 42 U.S.C. § 1983 and the United States Constitution)

31.     Defendants are violating Plaintiffs' First Amendment right to free speech and expressive association, as guaranteed by the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 in that they refused to honor Plaintiffs' resignations of Union membership and instead continued extracting Union dues from Plaintiffs thus compelling Plaintiffs to associate with and financially support PASS against their will.

32.     Defendants' "Maintenance of Membership" policy, custom, and requirement is unconstitutional, both on its face and as applied, under the First Amendment and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983, because the policy wrongfully compels Plaintiffs and other employees to associate with and financially support PASS for one year unless they resign by certified mail during a fifteen-day window period. *See Knox v. SEIU, Local 1000*, 132 S. Ct. 2277 (2012); *see also McCahon v. Pennsylvania Tpk. Comm'n*, 491 F.Supp.2d 522 (M.D.Pa. 2007); *Debont v. City of Poway*, No. 98CV0502, 1998 WL 415844 (S.D.Cal. Apr. 14 1998); *cf. Pattern Makers' Lg. of N. Am. v. NLRB*, 473 U.S. 95 (1985).

33.     As a result of Defendants' actions and their "Maintenance of Membership" policy, Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless

8

enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

**COUNT II**
**(Certified mail requirement is in violation of 42 U.S.C. § 1983 and the United States Constitution)**

34.     Defendants' custom, policy, and requirement that Union membership can only be revoked by certified mail infringes upon Plaintiffs' exercise of their First Amendment rights to free association and is not justified by a compelling or otherwise sufficient state interest. Defendants' certified mail policy for the resignation of Union membership is thereby unconstitutional both on its face and as applied, under the First Amendment and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

35.     As a result of Defendants' certified-mail policy, Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable harm and injury.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs request that this Court:

A.     Issue a declaratory judgment based upon the actual, current, and bona fide controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring:

1. it unconstitutional under the First Amendment, as secured by the Fourteenth Amendment and 42 U.S.C. § 1983, for Defendants to force Plaintiffs and other employees to remain members of the Union and to

9

financially support the Union against their will;

    2. Defendants' "Maintenance of Membership" policy, both on its face and as applied, is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983; and

    3. Defendants' certified-mail requirement for honoring resignations for Union membership, both on its face and as applied, is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

B.    Issue a preliminary and permanent injunction enjoining:

    1. Defendants from compelling or otherwise requiring Plaintiffs to remain members of PASS or pay dues or fees to PASS;

    2. enforcement of Defendants' "Maintenance of Membership" policy; and

    3. enforcement of the requirement to communicate resignation by certified mail only.

C.    A judgment awarding Plaintiffs compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of their constitutional and civil rights including, but not limited to, the amount of dues deducted from their wages after their respective resignations, and such amounts as principles of justice and compensation warrant.

D.    Award Plaintiffs their costs and reasonable attorney's fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

E.    Grant such other and additional relief as the Court may deem just and

proper.

Date:  May 12, 2014

By: /s/ Paul D. Love
Paul D. Love (AR Bar 2009-238)
605 East Race
Searcy, AR 72143
Tel.: 501-305-4800
Fax: 501-268-5683
Apposta2@gmail.com

*Designated Local Counsel*

Aaron B. Solem (MN Bar 0392920)
 (*Pro Hac Vice* Motion Pending)
c/o National Right to Work Legal Defense
 Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel: 703-321-8510
Fax: 703-321-9319
abs@nrtw.org

*Attorneys for Plaintiffs*

# EXHIBIT A



# PROFESSIONAL NEGOTIATIONS AGREEMENT BETWEEN

## BOARD OF DIRECTORS PULASKI COUNTY SPECIAL SCHOOL DISTRICT



## AND

## THE PULASKI ASSOCIATION OF SUPPORT STAFF

### 2010-2015



### Section 11. Use of Equipment

A.  Subject to advance approval by the school principal or building supervisor, the Association shall have the right to use school computers located in public areas and audio/visual equipment for a reasonable period of time during off-duty time and when available as long as it does not interfere with normal operations.

    1.  Public areas include computer labs, media centers, parent centers, and applicant computers in Human Resources. Computers located in areas where confidential or sensitive information may be found are excluded; i.e. administration office(s), counselor's office, and teachers' computers in classrooms.

    2.  The Association shall provide the needed paper.

    3.  The equipment may not leave the premises.

    4.  Damaged equipment will be replaced or repaired by the Association if damaged while being used by the employee.

B.  This entitlement shall not extend to any other organization purporting to represent support staff employees in the bargaining unit.

### Section 12. Maintenance of Membership

A.  The District shall maintain open payroll account deductions for Association dues.

    1.  Any support staff employee who applies for membership shall sign and deliver to the Association a payroll deduction authorization form supplied by the Association.

    2.  A copy of this authorization shall be delivered to the payroll office.

    3.  Such authorization shall continue in effect from year to year unless a certified letter requesting termination of membership is submitted to the Association between July 1 and July 15 of the current calendar year.

    4.  A copy shall be delivered to the payroll office.

    5.  Information regarding the time lines for termination of membership will appear on the payroll deduction authorization form.

B.  Should any support staff employee resign, retire, or be promoted to a position outside the bargaining unit during the work year, the District shall deduct the unpaid remainder of annual dues from the employee's last paycheck, provided there are sufficient funds.

C.  The Association will notify the District payroll department of any termination of membership by August 1, of the given year.

### Section 13. Political Action Contribution (PAC)

A.  The District shall maintain open payroll account deductions for PAC contributions.

    1.  Any support staff employee who requests PAC deduction shall sign and deliver to the Association a payroll deduction authorization form supplied by the Association.

    2.  A copy of this authorization shall be delivered to the payroll office.

EXHIBIT B

September 18, 2013


Certified Mail

Pulaski Association of Classroom Teachers
Pulaski Association of Support Staff
1500 West Fourth Street
Little Rock, AR  72201

Re:  Termination from Union – Joseph G. Howard  SS 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

Effective as of the date of this letter, I request that Union dues no longer be withheld
from my payroll earnings.

If you should have any questions, please contact me at 1003 Buck Run Cove, Mabelvale,
Arkansas.

Sincerely,

*Joseph G. Howard*

Joseph G. Howard

cc:  National Labor Relations Board
      PCSSD Payroll Department

EXHIBIT C

## RE: Joseph Howard, Jr.

DELETE          REPLY          REPLY ALL          FORWARD

mark as unread

### GEISLER SHERRY
Mon 9/23/2013 8:48 AM

**To:** WALKER JEANIE;

You replied on 9/23/2013 8:50 AM.

Hi Marlene,

The certified letter has to sent to PASS between July 1 and July 15, therefore he has missed the time frame and will have to send it to them in 2014.

Let me know if you have any questions.

Thanks

Sherry Geisler Koon
Pulaski County Special School District
Business Office
501-234-2131
Fax: 501-490-1274
sgeisler@pcssd.org

Statement of Confidentiality:
The information transmitted including any attachments may contain confidential information and is intended only for the person or entity to which it is addressed. Any unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late, incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of email transmission. If verification is required please request a hard copy version.

# EXHIBIT D



**PACT**
PULASKI ASSOCIATION OF
CLASSROOM TEACHERS

**PASS**
PULASKI ASSOCIATION OF
SUPPORT STAFF

**AEA/NEA**
ARKANSAS/NATIONAL
EDUCATION ASSOCIATION

PAM FITZGIVEN, PRESIDENT
pam@pact-aea.org

EMRY CHESTERFIELD, PRESIDENT
emrypass@aol.com

SANDRA S. ROY, EXECUTIVE DIRECTOR
aeasroy@aol.com

September 24, 2013

To:   Joseph Howard

From: Sandi Roy, PACT/PASS Executive Director

Re: Attempted Termination of NEA/AEA/PASS Membership

Please be advised that your September 18, 2013 certified letter to PASS requesting to terminate your NEA/AEA/PASS membership was sent outside of the timelines. When you joined the Association, you signed a binding agreement which states that you request and authorize the district to deduct your unified (PASS/AEA/NEA) membership dues in equal installments and that you understand that this continues **"until such time that you resign from PASS by sending a *certified letter* to the Association postmarked no sooner than July 1 and no later than July 15"**. Therefore, your membership will not be terminated. Please see enclosed.

You may appeal this decision to the PASS Executive Board in writing or by appearing in person. If you desire to appear in person, please contact Emry Chesterfield at 501-993-4883. A written appeal may be sent to PASS c/o Emry Chesterfield, President, 1500 W. 4th Street, LR, AR 72201.

Cc:   Emry Chesterfield, PASS President
      Carlon Wylie, PASS Treasurer
      PCSSD Payroll Department

# EXHIBIT E

Sandra Allen
P.O. Box 157
Sweet Home, AR 72164

2-11-2014

Emery Chesterfield
Pulaski Association of Support Staff
1500 W. 4th St.
Little Rock, AR 72201

Dear Mr. Chesterfield:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions.

Since I have resigned my membership in the union, you must now immediately cease enforcing
the dues check-off authorization agreement that I signed. That dues check-off authorization was
signed solely in conjunction with, and in contemplation of, my becoming a member of the union
and, as such, is no longer valid. *See IBEW (Lockheed Space Operations Company)*, 302 NLRB
322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in Right to Work state
must cease dues deduction upon receipt of resignation/revocation).

If you refuse to accept this letter as both an effective resignation <u>and</u> an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if
you contend that I must meet a "window period" in order to revoke my dues check-off
authorization, I ask that you promptly send me a copy of the actual dues deduction authorization
form that I signed, and also tell me specifically what "window period" dates I must meet in order
to revoke the dues check-off authorization.*

Sincerely,



Sandra Allen

Sandra Allen
P.O. Box 157
Sweet Home, AR 72164

2-11-2014

Sherry Geisler Koon
Pulaski County Special School District
Business Office
925 E. Dixon Rd
Little Rock, AR 72206

Dear Ms. Koon:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions. (See the attached letter I sent to the Union today).

Because I have resigned my membership in the union, you must now immediately cease
enforcing the dues check-off authorization agreement that I signed. That dues check-off
authorization was signed solely in conjunction with, and in contemplation of, my becoming a
member of the union and, as such, is no longer valid. *See IBEW (Lockheed Space Operations
Co.)*, 302 NLRB 322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in
Right to Work state must cease dues deduction upon receipt of resignation/revocation).
Furthermore, the school district has withdrawn recognition from the Union and is no longer
bargaining with the Union or recognizing the collective bargaining agreement. As the Union no
longer has any say in the terms and conditions of my employment, I see no reason why I should
be bound to continue to pay it monthly dues.

If you refuse to accept this letter as both an effective resignation and an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if
you contend that I must meet a "window period" in order to revoke my dues check-off
authorization, I ask that you promptly send me a copy of the actual dues deduction authorization
form that I signed, and also tell me specifically what "window period" dates I must meet in
order to revoke the dues check-off authorization. Additionally please send me a copy of the
current district policy relating to "maintenance of membership."*

Sincerely,


Sandra Allen

EXHIBIT F

Rosalyn Austin
6B Bledsoe Circle
Little Rock, AR 72206

2-11-2014

Emery Chesterfield
Pulaski Association of Support Staff
1500 W. 4th St.
Little Rock, AR 72201

Dear Mr. Chesterfield:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions.

Since I have resigned my membership in the union, you must now immediately cease enforcing
the dues check-off authorization agreement that I signed. That dues check-off authorization was
signed solely in conjunction with, and in contemplation of, my becoming a member of the union
and, as such, is no longer valid. *See IBEW (Lockheed Space Operations Company)*, 302 NLRB
322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in Right to Work state
must cease dues deduction upon receipt of resignation/revocation).

If you refuse to accept this letter as both an effective resignation <u>and</u> an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if*
*you contend that I must meet a "window period" in order to revoke my dues check-off*
*authorization, I ask that you promptly send me a copy of the actual dues deduction authorization*
*form that I signed, and also tell me specifically what "window period" dates I must meet in order*
*to revoke the dues check-off authorization.*

Sincerely,


Rosalyn Austin

Rosalyn Austin
6B Bledsoe Circle
Little Rock, AR 72206

2-11-2014

Sherry Geisler Koon
Pulaski County Special School District
Business Office
925 E. Dixon Rd
Little Rock, AR 72206

Dear Ms. Koon:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions. (See the attached letter I sent to the Union today).

Because I have resigned my membership in the union, you must now immediately cease
enforcing the dues check-off authorization agreement that I signed. That dues check-off
authorization was signed solely in conjunction with, and in contemplation of, my becoming a
member of the union and, as such, is no longer valid. *See IBEW (Lockheed Space Operations
Co.)*, 302 NLRB 322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in
Right to Work state must cease dues deduction upon receipt of resignation/revocation).
Furthermore, the school district has withdrawn recognition from the Union and is no longer
bargaining with the Union or recognizing the collective bargaining agreement. As the Union no
longer has any say in the terms and conditions of my employment, I see no reason why I should
be bound to continue to pay it monthly dues.

If you refuse to accept this letter as both an effective resignation and an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if
you contend that I must meet a "window period" in order to revoke my dues check-off
authorization, I ask that you promptly send me a copy of the actual dues deduction authorization
form that I signed, and also tell me specifically what "window period" dates I must meet in
order to revoke the dues check-off authorization. Additionally please send me a copy of the
current district policy relating to "maintenance of membership."*

Sincerely,



Rosalyn Austin

EXHIBIT G

Cynfraneisa Jackson
16 Courtfield Dr.
Mabelvale, AR 72103

2-11-2014

Emery Chesterfield
Pulaski Association of Support Staff
1500 W. 4ᵗʰ St.
Little Rock, AR 72201

Dear Mr. Chesterfield:

I am employed by Pulaski County Special School District in the Right to Work state of Arkansas. Effectively immediately, I resign from membership in the local union and all of its affiliated unions.

Since I have resigned my membership in the union, you must now immediately cease enforcing the dues check-off authorization agreement that I signed. That dues check-off authorization was signed solely in conjunction with, and in contemplation of, my becoming a member of the union and, as such, is no longer valid. *See IBEW (Lockheed Space Operations Company)*, 302 NLRB 322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in Right to Work state must cease dues deduction upon receipt of resignation/revocation).

If you refuse to accept this letter as both an effective resignation <u>and</u> an immediately effective dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I must take to effectuate my revocation of the dues check-off authorization. *More specifically, if you contend that I must meet a "window period" in order to revoke my dues check-off authorization, I ask that you promptly send me a copy of the actual dues deduction authorization form that I signed, and also tell me specifically what "window period" dates I must meet in order to revoke the dues check-off authorization.*

Sincerely,


Cynfraneisa Jackson

Cynfraneisa Jackson
16 Courtfield Dr.
Mabelvale, AR 72103

2-11-2014

Sherry Geisler Koon
Pulaski County Special School District
Business Office
925 E. Dixon Rd
Little Rock, AR 72206

Dear Ms. Koon:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions. (See the attached letter I sent to the Union today).

Because I have resigned my membership in the union, you must now immediately cease
enforcing the dues check-off authorization agreement that I signed. That dues check-off
authorization was signed solely in conjunction with, and in contemplation of, my becoming a
member of the union and, as such, is no longer valid. *See IBEW (Lockheed Space Operations
Co.)*, 302 NLRB 322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in
Right to Work state must cease dues deduction upon receipt of resignation/revocation).
Furthermore, the school district has withdrawn recognition from the Union and is no longer
bargaining with the Union or recognizing the collective bargaining agreement. As the Union no
longer has any say in the terms and conditions of my employment, I see no reason why I should
be bound to continue to pay it monthly dues.

If you refuse to accept this letter as both an effective resignation and an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if
you contend that I must meet a "window period" in order to revoke my dues check-off
authorization, I ask that you promptly send me a copy of the actual dues deduction authorization
form that I signed, and also tell me specifically what "window period" dates I must meet in
order to revoke the dues check-off authorization. Additionally please send me a copy of the
current district policy relating to "maintenance of membership."*

Sincerely,

Cynfraneisa Jackson

EXHIBIT H

Chenikia Smith
P.O. Box 574
Sweet Home, AR 72164

2-11-2014

Emery Chesterfield
Pulaski Association of Support Staff
1500 W. 4th St.
Little Rock, AR 72201

Dear Mr. Chesterfield:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions.

Since I have resigned my membership in the union, you must now immediately cease enforcing
the dues check-off authorization agreement that I signed. That dues check-off authorization was
signed solely in conjunction with, and in contemplation of, my becoming a member of the union
and, as such, is no longer valid. *See IBEW (Lockheed Space Operations Company)*, 302 NLRB
322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in Right to Work state
must cease dues deduction upon receipt of resignation/revocation).

If you refuse to accept this letter as both an effective resignation <u>and</u> an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if
you contend that I must meet a "window period" in order to revoke my dues check-off
authorization, I ask that you promptly send me a copy of the actual dues deduction authorization
form that I signed, and also tell me specifically what "window period" dates I must meet in order
to revoke the dues check-off authorization.*

Sincerely,



Chenikia Smith

Chenikia Smith
P.O. Box 574
Sweet Home, AR 72164

2-11-2014

Sherry Geisler Koon
Pulaski County Special School District
Business Office
925 E. Dixon Rd
Little Rock, AR 72206

Dear Ms. Koon:

I am employed by Pulaski County Special School District in the Right to Work state of
Arkansas. Effectively immediately, I resign from membership in the local union and all of its
affiliated unions. (See the attached letter I sent to the Union today).

Because I have resigned my membership in the union, you must now immediately cease
enforcing the dues check-off authorization agreement that I signed. That dues check-off
authorization was signed solely in conjunction with, and in contemplation of, my becoming a
member of the union and, as such, is no longer valid. *See IBEW (Lockheed Space Operations
Co.)*, 302 NLRB 322 (1991); *Washington Gas Light Co.*, 302 NLRB 425 (1991) (employer in
Right to Work state must cease dues deduction upon receipt of resignation/revocation).
Furthermore, the school district has withdrawn recognition from the Union and is no longer
bargaining with the Union or recognizing the collective bargaining agreement. As the Union no
longer has any say in the terms and conditions of my employment, I see no reason why I should
be bound to continue to pay it monthly dues.

If you refuse to accept this letter as both an effective resignation and an immediately effective
dues check-off revocation, I ask that you promptly inform me, in writing, of exactly what steps I
must take to effectuate my revocation of the dues check-off authorization. *More specifically, if
you contend that I must meet a "window period" in order to revoke my dues check-off
authorization, I ask that you promptly send me a copy of the actual dues deduction authorization
form that I signed, and also tell me specifically what "window period" dates I must meet in
order to revoke the dues check-off authorization. Additionally please send me a copy of the
current district policy relating to "maintenance of membership."*

Sincerely,

Chenikia Smith

# EXHIBIT I



**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**

925 East Dixon Road/P.O. Box 8601
Little Rock, Arkansas 72216
www.pcssd.org

February 26, 2014

Sandra Allen
P.O. Box 157
Sweet Home, AR  72164

RE:  Union Dues

Dear Ms. Allen:

I am in receipt of your letter dated February 11, 2014, requesting the district immediately discontinue the deduction of your union dues.  A copy of your payroll deduction authorization form is enclosed.  We did not receive your request in sufficient time to affect your February 21, 2014, paycheck.  However, if you will please sign and return the attached statement we will discontinue the payroll deduction for union dues effective with your March 7, 2014, paycheck. A postage paid return envelope is enclosed.

If you have any questions or if I can be of any further assistance please feel free to call me at 234-2131 or email me at sgeisler@pcssd.org.

Sincerely,

Sherry Geisler Koon
Sherry Geisler Koon
Business Office

EXHIBIT J



**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**

925 East Dixon Road/P.O. Box 8601
Little Rock, Arkansas 72216
www.pcssd.org

February 26, 2014

Rosalyn Austin
6 B Bledsoe Circle
Little Rock, AR  72206

RE:  Union Dues

Dear Ms. Austin:

I am in receipt of your letter dated February 11, 2014, requesting the district immediately discontinue the deduction of your union dues.  A copy of your payroll deduction authorization form is enclosed.  We did not receive your request in sufficient time to affect your February 21, 2014, paycheck.  However, if you will please sign and return the attached statement we will discontinue the payroll deduction for union dues effective with your March 7, 2014, paycheck. A postage paid return envelope is enclosed.

If you have any questions or if I can be of any further assistance please feel free to call me at 234-2131 or email me at sgeisler@pcssd.org.

Sincerely,

Sherry Geisler Koon
Business Office

# EXHIBIT K



**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**

925 East Dixon Road/P.O. Box 8601
Little Rock, Arkansas 72216
www.pcssd.org

February 26, 2014

Cynfraneisa Jackson
16 Courtfield Dr.
Mabelvale, AR 72103

RE: Union Dues

Dear Ms. Jackson:

I am in receipt of your letter dated February 11, 2014, requesting the district immediately discontinue the deduction of your union dues. A copy of your payroll deduction authorization form is enclosed. We did not receive your request in sufficient time to affect your February 21, 2014, paycheck. However, if you will please sign and return the attached statement we will discontinue the payroll deduction for union dues effective with your March 7, 2014, paycheck. A postage paid return envelope is enclosed.

If you have any questions or if I can be of any further assistance please feel free to call me at 234-2131 or email me at sgeisler@pcssd.org.

Sincerely,

Sherry Geisler Koon
Business Office

EXHIBIT L



**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**

925 East Dixon Road/P.O. Box 8601
Little Rock, Arkansas 72216
www.pcssd.org

February 26, 2014


Chenikia Smith
P.O. Box 574
Sweet Home, AR  72164

RE:  Union Dues


Dear Ms. Smith:

I am in receipt of your letter dated February 11, 2014, requesting the district immediately discontinue the deduction of your union dues.  A copy of your payroll deduction authorization form is enclosed.  We did not receive your request in sufficient time to affect your February 21, 2014, paycheck.  However, if you will please sign and return the attached statement we will discontinue the payroll deduction for union dues effective with your March 7, 2014, paycheck. A postage paid return envelope is enclosed.

If you have any questions or if I can be of any further assistance please feel free to call me at 234-2131 or email me at sgeisler@pcssd.org.

Sincerely,

Sherry Geisler Koon
Business Office

EXHIBIT M



## Authorization to Immediately Cease the Deduction of Union Dues

I hereby request and authorize the Pulaski County Special School District (PCSSD) to discontinue the payroll deduction of union dues immediately upon receipt of this signed statement. **I agree to indemnify and hold harmless PCSSD any amount for which PCSSD is found to be legally liable,** due to its honoring of this request and authorization.

In addition, I agree to notify the Pulaski Association of Support Staff (PASS) by certified mail postmarked no sooner than July 1, 2014, and no later than July 15, 2014, that I have resigned my membership in PASS and will no longer pay membership dues.

_____     _____

Signature                                    Date

_____

Printed Name

# EXHIBIT N

**PACT**
PULASKI ASSOCIATION OF
CLASSROOM TEACHERS

**PASS**
PULASKI ASSOCIATION OF
SUPPORT STAFF

**AEA/NEA**
ARKANSAS/NATIONAL
EDUCATION ASSOCIATION



PAM FITZGIVEN, PRESIDENT
pam@pact-aea.org

EMRY CHESTERFIELD, PRESIDENT
emrypass@aol.com

SANDRA S. ROY, EXECUTIVE DIRECTOR
aeasroy@aol.com

February 27, 2014

To:  Sandra Allen

From: Sandi Roy, PACT/PASS Executive Director

Re:  Attempted Termination of NEA/AEA/PASS Membership

Please be advised that your certified letter dated February 11, 2014 to PASS requesting
to terminate your NEA/AEA/PASS membership was sent outside of the timelines.
When you joined the Association, you signed a binding agreement which states that
you request and authorize the district to deduct your unified (PASS/AEA/NEA)
membership dues in equal installments and that you understand that this continues
**"until such time that you resign from PASS by sending a *certified letter* to the
Association postmarked no sooner than July 1 and no later than July 15"**. Therefore,
your membership will not be terminated. Please see enclosed.

You may appeal this decision to the PASS Executive Board in writing or by appearing in
person.  If you desire to appear in person, please contact Emry Chesterfield at 501-993-
4883. A written appeal may be sent to PASS c/o Emry Chesterfield, President, 1500 W.
4th Street, LR, AR 72201.

Encl(s)

Cc:    Emry Chesterfield, PASS President
       Carlon Wylie, PASS Treasurer
       PCSSD Payroll Department